UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GINA M. ALONGI, as she is ADMINISTRATOR,
INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 4 HEALTH AND WELFARE,
PENSION, ANNUITY AND SAVINGS FUNDS,
LABOR-MANAGEMENT COOPERATION TRUST; and
HOISTING AND PORTABLE ENGINEERS LOCAL 4
APPRENTICE AND TRAINING FUND,
        Plaintiffs,

vs.

LEWIS CUSTOM WELDING & FABRICATING CO.,
INC. d/b/a CUSTOM WELDING & FABRICATING, INC.
and PAMELA A. LEWIS, Individually,
        Defendants.

C.A. No.

**VERIFIED COMPLAINT FOR DELINQUENT
FRINGE BENEFIT CONTRIBUTIONS**

**NATURE OF ACTION**

1.     This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act of 1974 ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligations to make contributions due to the plans under the terms of a collective bargaining agreement and the plans.

**JURISDICTION**

2.     The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and §301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3. Plaintiff Gina M. Alongi is the Administrator of the International Union of Operating Engineers Local 4 Health and Welfare Fund. The International Union of Operating Engineers Local 4 Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). It provides health, dental and prescription benefits and life insurance, accident insurance, and disability pay to participants. The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

4. Plaintiff Gina M. Alongi is the Administrator of the International Union of Operating Engineers Local 4 Pension Fund. The International Union of Operating Engineers Local 4 Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). It provides participants with a defined pension benefit. The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

5. Plaintiff Gina M. Alongi is the Administrator of the International Union of Operating Engineers Local 4 Annuity and Savings Fund. This Fund provides participant-directed individual accounts including a 401(k). The International Union of Operating Engineers Local 4 Annuity and Savings Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

6. Plaintiff Gina M. Alongi is the Administrator of the Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund. This Fund trains apprentices and journey workers on the construction industry. The Hoisting and Portable Engineers Local 4 Apprentice and Training Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA,

29 U.S.C. §1002(1).  The Fund is administered at One Engineers Way, Canton, Massachusetts, within this judicial district.

7.     Plaintiff Gina M. Alongi is the Administrator of the Joint Labor-Management Cooperation Trust.  This Trust is established pursuant to §302(c)(9) of the National Labor Relations Act, as amended, 29 U.S.C. §186(c)(9).  The Trust is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

8.     The Health and Welfare, Pension, Annuity and Savings, and Apprenticeship and Training Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37).  They are hereinafter collectively referred to as "the Funds."

9.     Defendant Lewis Custom Welding & Fabricating Co., Inc. d/b/a Custom Welding & Fabricating, Inc. ("Custom Welding") is a dissolved Massachusetts corporation, with a principal place of business of 10 Pine Ridge Drive, Bridgewater, Massachusetts 02324.  Custom Welding's resident agent for service is Brian Lewis at the same address.  Custom Welding is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

10.    Defendant Pamela A. Lewis is an individual who, upon information and belief, is the president of Custom Welding, with an address of 10 Pine Ridge Drive, Bridgewater, Massachusetts 02324.  Upon information and belief, Ms. Lewis exercises control and discretion over the payroll of Custom Welding, including any and all decisions regarding incurring and paying amounts due the Funds.  As such, Ms. Lewis is a fiduciary to the Plaintiff Funds.

## **GENERAL ALLEGATIONS OF FACT**

11. On or about June 20, 2014, Defendant Custom Welding entered into a collective bargaining agreement with the International Union of Operating Engineers Local 4 for the period of June 1, 2014 until May 31, 2017 (the "CBA"), and for each year thereafter until terminated in accordance with the language of the agreement. The CBA, a copy of which is attached hereto as Exhibit A, covers Custom Welding's Parts and Service Department employees.

12. The CBA requires Custom Welding to make contributions to Plaintiff Funds for each payroll hour for each person covered by the CBA at rates prescribed by the agreement.

13. Pursuant to the CBA, employers are also obligated to deduct from wages and remit a negotiated percentage of the gross wage package for union dues. If employees so elect, the employer is also obligated to deduct money from wages and pay to the Social Action Committee ("SAC"). If employees so elect, the employer is also obligated to withhold an amount from the employees' gross wages before any deduction for taxes for deposit in the Annuity and Savings 401(k) plan.

14. ERISA entitles the Funds to collect interest, liquidated damages, and attorneys' fees and costs. 29 U.S.C. §1132(g)(2). According to their rights under the Agreements and Declarations of Trust, the Funds' Trustees have set an interest rate of one percent (1%) per month. Interest due on late 401(k) payments are assessed in accordance with the rules and regulations of the U.S. Department of Labor.

15. Upon information and belief, Custom Welding has performed work under the CBA but has failed to remit any of the contributions, dues and SAC deductions, and 401(k) withholdings owed for the work months of October through December 2017. The amount owed

remains unliquidated to date because Custom Welding has also failed to submit remittance reports, on which it delineates hours worked by its covered employees, for those months.

16. To date, despite notice from the Funds' office of the outstanding delinquency via certified mail and telephone calls, Custom Welding has failed to pay.

17. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

### COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

18. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-17 supra.

19. The failure of Defendant Custom Welding to make contributions on behalf of all covered employees as required by the terms of the trust agreements and the collective bargaining agreements violates §515 of ERISA, 29 U.S.C. §1145.

20. Absent an order from this Court, the Defendant will continue to refuse to pay the monies it owes to the Funds, and the Funds and their participants will be irreparably damaged.

### COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT

21. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-20 supra.

22. The failure of Defendant Custom Welding to make contributions on behalf of all covered employees as required by the terms of the collective bargaining agreement violates §301 of the LMRA, 29 U.S.C. §185.

## COUNT III – VIOLATION OF COLLECTIVE BARGAINING AGREEMENT

23. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-22 supra.

24. The failure of Defendant Custom Welding to remit the dues and SAC contributions it deducted from its employees' wages as required by the terms of the collective bargaining agreement violates §301 of the LMRA, 29 U.S.C. §185.

## COUNT IV – BREACH OF FIDUCIARY DUTY BY DEFENDANT PAMELA A. LEWIS

25. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-24 supra.

26. Upon information and belief, Defendant Pamela A. Lewis deducted monies from employees' wages but failed to pay those monies to the Funds. When Custom Welding's employees elected to defer a portion of their pre-tax wages into the Annuity and Savings 401(k) Fund, these deferred wages became plan assets within the meaning of 29 C.F.R. 2510.3-102. By exercising dominion and control over these plan assets, Defendant Pamela A. Lewis is a fiduciary within the meaning of §3(21) of ERISA, 29 U.S.C. §1002(21).

27. By retaining those plan assets and, upon information and belief, converting those plan assets to the use of herself and/or others, Defendant Pamela A. Lewis breached her fiduciary duties to the Plaintiff Funds in violation of Sections 404 and 409 of ERISA, 29 U.S.C. §§1104, 1109.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Funds requests this Court to grant the following relief:

a. Order the attachment of the machinery, inventory, and accounts receivable of the Defendant Custom Welding;

      b.      Order the attachment of real estate standing in the name of the Defendant;

      c.      Enter a preliminary and permanent injunction enjoining Defendant from refusing or failing to make contributions or pay interest to Plaintiff Funds;

      d.      Enter a preliminary and permanent injunction enjoining Defendant from refusing or failing to remit dues and SAC contributions;

      e.      Enter judgment in favor of the Plaintiff Funds in an as-yet unliquidated amount for the work months of October, November, and December 2017, together with the continued accrual of interest on the unpaid contributions at the rate of 1% per month per the collective bargaining agreement, liquidated damages, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2), along with any further amounts that may come due during the pendency of this action;

      f.      Enter judgment in favor of the Plaintiff Funds on Count IV in an as-yet unliquidated amount representing 401(k) withholdings that are plan assets of the Annuity and Savings 401(k) Fund and, upon information and belief, are being held by Defendant Pamela A. Lewis in her capacity as fiduciary to the Fund, along with lost earnings and interest owed thereon pursuant to federal law, along with any further amounts that have come due or may come due during the pendency of this action; and

      g.      Such further and other relief as this Court deems appropriate.

      Respectfully submitted,

      GINA M. ALONGI, as she is ADMINISTRATOR, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION, ANNUITY AND SAVINGS FUNDS, *et al.*,

      By their attorney,

/s/Gregory A. Geiman\
Gregory A. Geiman, Esq.\
BBO #655207\
I.U.O.E. Local 4 Trust Funds\
16 Trotter Drive\
Medway, MA  02053\
(508) 533-1400 x140\
ggeiman@local4funds.org

Dated:  January 19, 2018

## VERIFICATION

I, Gina M. Alongi, Administrator for the International Union of Operating Engineers Local 4 Trust Funds, verify that I have read the above Complaint, and the allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 19th DAY OF JANUARY, 2018.

/s/ Gina M. Alongi\
Gina M. Alongi